# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ANTHONY JOSEPH LACY, )
)
       Plaintiff, )
)
v. )     No.    3:26-CV-95-TRM-JEM
)
DARREN BRADEN LACY, OLIVIA )
LACY, CURTIS HICHEW, CHRIS )
HICHEW, and TDOC, )
)
       Defendants. )

## MEMORANDUM & ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction, filed a pro se complaint

for violation of 42 U.S.C. § 1983 (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc.

5), and various notices with the Court (Docs. 4, 6, 8, 9).  But while a prisoner, Plaintiff has filed

at least three cases that a court dismissed for failure to state a claim upon which relief may be

granted or as frivolous, and his filings herein do not plausibly assert that he was in imminent

danger of physical injury when he filed his complaint.  Accordingly, Plaintiff cannot proceed as

a pauper in this action, his motion to proceed *in forma pauperis* (Doc. 5) will be **DENIED**, and

this action will be dismissed without prejudice to him paying the filing fee.  Additionally, due to

Plaintiff's history of filing vexatious cases in this District, the Court will enter an injunction

restricting Plaintiff from filing future actions pursuant to Standing Order 18-04.

## I.    28 U.S.C. § 1915(g)

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides that

an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three

or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon

which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  As a prisoner, Plaintiff has filed at least three cases that a court dismissed for failure to state a claim upon which relief may be granted or as frivolous.  *Lacy v. Lacy, et al.*, No. 2:25-cv-00148-DCLC-CRW (Docs. 4, 5) (E.D. Tenn. Dec. 22, 2025) (dismissed at screening for failure to state a claim); *Lacy v. Carter Cnty. Sheriff's Office, et al.*, 2:21-CV-145 (Docs. 4, 5) (E.D. Tenn. Sept. 28, 2021) (same); *Lacy v. Davis, et al.*, 2:23-CV-117 (Docs. 13, 16) (E.D. Tenn. Jan. 4, 2024) (same).

Thus, Plaintiff has accumulated at least three strikes under the PLRA and cannot proceed herein absent "a plausible allegation that [he] faced 'imminent danger of serious physical injury'" when he filed his complaint.  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)

This imminent-danger exception to the three strikes rule "is essentially a pleading requirement subject to the ordinary principles of notice pleading."  *Vandiver*, 727 F.3d at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)).  The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012).

The substantive portion of Plaintiff's § 1983 complaint alleges that an unspecified individual(s) broke his television, destroyed a necklace Plaintiff's grandfather gave him, broke his tablet, and "are having him raped over the air waves," before additionally stating that an unspecified person or persons "broke [him] down physically as a teenager and had [him] raped. And trying to do it in prison" (Doc. 1 at 4).  While these allegations, liberally construed in Plaintiff's favor, appear to suggest that a person or persons are attempting to rape him in prison,

2

Plaintiff presents no facts to support this conclusory allegation, and it therefore does not plausibly allege a threat of imminent danger. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

After filing his complaint, Plaintiff also filed a number of notices with the Court regarding various incidents in his life, including allegations of threats on his life and/or rape, some of which contain references to Defendants (Docs. 4, 6, 8, 9). But even if the Court could liberally construe these unsigned documents as attempts to supplement the complaint for purposes of determining whether Plaintiff can proceed herein under the imminent danger exception to § 1915(g), many of the allegations in these filings are delusional and rise to the level of "irrational" or "wholly incredible," and they therefore fail to state a claim upon which relief may be granted under § 1983. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Moreover, while Plaintiff again makes conclusory allegations of threatened harm in these filings, those allegations are likewise not supported by any facts that allow the Court to plausibly infer that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. *Iqbal*, 556 U.S. at 681 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim for relief); *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed," and that that past danger is insufficient).

Accordingly, Plaintiff may not proceed as a pauper in these proceedings, his motion to proceed *in forma pauperis* (Doc. 5) is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff paying the filing fee in full. *See In re Alea*, 286

F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk).

## II.     INJUNCTION

Additionally, due to Plaintiff's extensive vexatious filing practices in this Court detailed below, the Court will permanently enjoin Plaintiff from filing any petition or complaint without first seeking and receiving approval by the Court.

Specifically, not including this action, Plaintiff has filed eight other cases in this District, all of which have been dismissed or terminated for failing to state a plausible claim or other procedural deficiencies. *See Lacy v. Lacy, et al.*, No. 2:25-CV-00148-DCLC-CRW (Docs. 4, 5) (E.D. Tenn. Dec. 22, 2025) (dismissed at screening for failure to state a claim with a notification to Plaintiff that if he filed future cases that failed to state a claim and/or are dismissed for want of prosecution, that will result in imposition of an injunction pursuant to Standing Order 18-04); *Lacy v. Pounds*, 2:24-CV-22 (E.D. Tenn. 2024) (petition transferred to the Sixth Circuit to request authorization to file a second or successive habeas corpus petition, where the authorization was denied); *Lacy v. Davis, et al.*, 2:23-CV-117 (E.D. Tenn. 2023) (dismissed at screening for failure to state a claim based in part on some of Plaintiff's allegations being delusional); *Lacy v. Mays*, 2:22-CV-40 (E.D. Tenn. 2022) (dismissed on defendant's motion based on the petition being time-barred); *Lacy v. Carter Cnty. Sheriff's Office, et al.*, 2:21-CV-145 (E.D. Tenn. 2021) (dismissed at screening for failure to state a claim and specifically finding that some of Plaintiff's allegations were delusional, irrational, and/or wholly incredible); *Lacy v. Mays*, 2:21-MC-18 (E.D. Tenn. 2021) (case terminated due to failure to either pay filing fee or submit an application to proceed *in forma pauperis*); *Lacy v. Fritts*, 2:15-CV-238 (E.D. Tenn. 2015) (dismissed for want of prosecution and failure to comply with the orders of the Court);

4

*Lacy v. Carter Cnty. Sheriff's Office et al.*, 2:15-CV-35 (E.D. Tenn. 2015) (dismissed for want of prosecution after failing to supplement a deficiency as ordered by the Court and failing to provide an updated address). In other words, eight cases that Plaintiff previously filed in this district were dismissed at early stages in the litigation for failure to state a claim and/or for failure to abide by the rules applicable to litigation. Also, as noted above, in dismissing Plaintiff's most recent case, the Court warned him that continuing to file cases that fail to state a plausible claim for relief and/or are dismissed for want of prosecution would result in an injunction pursuant to Standing Order 18-04. *See Lacy v. Lacy, et al.*, No. 2:25-CV-00148-DCLC-CRW (Doc. 4, at 7–9).

It is well-settled that a court has the authority to restrict litigants from repeatedly filing frivolous matters without first obtaining the court's permission. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003). The Sixth Circuit has specifically determined that restricting such parties from filing documents without the court's prior approval is an appropriate means of addressing the potential waste of judicial resources caused by litigants who have engaged in a pattern of frivolous filings. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710–711 (6th Cir. 2023) (quoting *Feathers,* 141 F.3d at 269). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice . . . the Court may impose sanctions on [litigants who]

5

continue[] to file repetitious or frivolous claims." *Porter v. D + C Revocable Fam. Tr.,* No. CV 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (citation modified) ; *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

Based upon Plaintiff's prior conduct, as specified above, the Court finds that Plaintiff has demonstrated a pattern of filing complaints that contain conclusory and/or delusional allegations, fail to state a claim, and/or have other procedural deficiencies, and also finds that it is reasonable to anticipate that Plaintiff will persist his current pattern of frivolous litigation. The Court therefore finds that nothing less than a comprehensive filing injunction will be adequate to prevent Plaintiff from further wasting judiciary resources.

Accordingly, Plaintiff is hereby **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file. To obtain the Court's permission to file, Plaintiff **MUST** submit to the Court:

1. A copy of the proposed petition, complaint, or document to be filed.

2. A "Motion Pursuant to Court Order Seeking Leave to File," which must include as exhibits:

   a. A copy of this Order;

   b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:

i. The petition, complaint, or other document raises a new issue which has never been previously raised by Plaintiff in this or any other court;

ii. The claims asserted in the petition, complaint, or other document are not frivolous; and

iii. The petition, complaint, or other document is not filed in bad faith.

c. A statement that lists:

i. The full caption of each and every suit that has been previously filed by Plaintiff or on his behalf in any court against each and every defendant named in any new suit he wishes to file; and

ii. The full caption of each and every suit that he has filed that is currently pending.

The Clerk's Office shall identify Plaintiff Anthony Joseph Lacy as a RESTRICTED FILER in CM/EF and shall reject any proposed filings by Plaintiff that do not contain the required Motion to Pursuant to Court Order Seeking Leave to File and required exhibits. The Court may deny any motion for leave to file if the proposed filing is frivolous, vexatious, or harassing, or otherwise fails to comply with this Order. If the motion is denied, the document shall not be filed and will be returned to Plaintiff.

The Court may dismiss any action initiated by the inadvertent filing by the Clerk's Office of any document submitted by Plaintiff that has not been approved for filing in compliance with this Order. The Court may also dismiss any action removed to this Court that has been improperly filed in another Court in an attempt to circumvent this Order. A failure to comply with this Order may lead to further sanctions.

## III. CONCLUSION

For the reasons:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **DENIED**;

2. This action will be **DISMISSED without prejudice** to Plaintiff paying the filing fee;

3. Plaintiff is **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filing in any cases that have been closed without first seeking and obtaining the Court's permission to file as set forth above; and

4. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

8